CASE NO.  08-4435

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ALEATHER THOMPSON

Plaintiff-Appellant,

v.

UHHS RICHMOND HEIGHTS HOSPITAL, INC., *et al.*

Defendants-Appellees.

On Appeal from the United States District Court
for the Northern District of Ohio
Eastern Division
Case No. 1:07CV0783

---

BRIEF OF DEFENDANT-APPELLEE
UHHS RICHMOND HEIGHTS HOSPITAL, INC.

---

David A. Campbell  (0066494)
Heather M. Lutz (0082237)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio  44114-1724
Telephone:  (216) 479-6100
Facsimile:   (216) 937-3737
dacampbell@vorys.com
hmlutz@vorys.com

*Attorneys for Defendant-Appellee*
*UHHS Richmond Heights Hospital, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations
# and Financial Interest

Sixth Circuit
Case Number:  08-4435            Case Name:  Aleather Thompson v.
                                             UHHS Richmond Heights Hospital, Inc., et al.

Name of counsel:  David A. Campbell

Pursuant to 6th Cir. R. 26.1,  UHHS Richmond Heights Hospital, Inc.
                                        *Name of Party*

makes the following disclosure:

1.      Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the
        identity of the parent corporation or affiliate and the relationship between it and the named
        party:

> Yes.  University Hospitals Health System, Inc. is the parent corporation.

2.      Is there a publicly owned corporation, not a party to the appeal, that has a financial interest
        in the outcome?  If yes, list the identity of such corporation and the nature of the financial
        interest:

> No.

---

CERTIFICATE OF SERVICE

I certify that on  May 7, 2009                           the foregoing document was served on all
parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not,
by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

            s/ David A. Campbell

---

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs,
immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

**6th Cir. R. 26.1**
**DISCLOSURE OF CORPORATE AFFILIATIONS**
**AND FINANCIAL INTEREST**

(a) **Parties Required to Make Disclosure**.  With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement.  A negative report is required except in the case of individual criminal defendants.

(b) **Financial Interest to Be Disclosed**.

(1)  Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, is a subsidiary or affiliate of any publicly owned corporation not named in the appeal, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal.  A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.

(2)  Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation.

(c) **Form and Time of Disclosure**.  The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this Court, whichever first occurs.

# TABLE OF CONTENTS

**Page**

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW     1

STATEMENT IN SUPPORT OF ORAL ARGUMENT     2

STATEMENT OF THE CASE     3

STATEMENT OF THE FACTS     6

    I.     General Background     6

    II.     The Sodexho Contract     7

    III.     Plaintiff's FMLA Leave     8

    IV.     Plaintiff's Allegations Of Race Discrimination     8

SUMMARY OF THE ARGUMENT     11

LAW AND ARGUMENT     11

    I.     Standard Of Review     11

    II.     Plaintiff Has Not Established A *Prima Facie* Case Of FMLA Retaliation And Has Not Offered Any Evidence That Richmond's Legitimate Reason For Termination Was Merely Pretext.     12

       A.     Plaintiff cannot show a causal connection sufficient to establish a *prima facie* case of FMLA retaliation.     12

       B.     Richmond's proffered reason for the elimination of Plaintiff's position – restructuring of the Nutritional Services Department – is a legitimate, non-discriminatory reason.     15

       C.     UHHS and Sodexo were not joint employers.     16

III.    **Plaintiff Has Not Established A *Prima Facie* Case Of Racial Discrimination And Has Not Offered Any Evidence That Richmond's Legitimate Reason For Termination Was Merely Pretext.**                                                17

    A.    **Plaintiff cannot establish a *prima facie* case of racial discrimination.**                                17

        1.    **Plaintiff was not replaced by Jack Hart.**    19

        2.    **Plaintiff does not allege any discriminatory conduct by Richmond.**                    20

    B.    **Plaintiff cannot show that the reason proffered by Richmond for her discharge was merely pretext.**    20

IV.    **Plaintiff Has Presented No Evidence Of Retaliation.**    22

V.    **Plaintiff Has Presented No Allegations Of Hostile Work Environment Related To Richmond.**                23

**CONCLUSION**                                                25

**CERTIFICATE OF SERVICE**                                27

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................. 12

*Avery v. Joint Twp. Dist. Mem'l Hosp.*, No. 07-3801, 2008 WL 2596211
 (6th Cir. July 1, 2008) ..................................................................... 12

*Bennett v. Roadway Express, Inc.*, No. 20317, 2001 WL 866261 (Ohio App.
 9th Dist. Aug. 1, 2001) .................................................................. 18

*Campbell v. Washington County Pub. Library*, 241 Fed. App'x 271 (6th Cir.
 2007) ........................................................................................ 13, 15

*Cohen v. Fred Meyer, Inc.*, 686 F.2d 793 (9th Cir. 1982) ...................................... 13

*DiCarlo v. Potter*, 358 F.3d 408 (6th Cir. 2004) .................................... 12, 23

*Garcia v. Daimler Chrysler Corp.*, No. 08-3844, 2009 WL 928576
 (6th Cir. Apr. 7, 2009) .................................................................. 11

*Grace v. USCAR*, 521 F.3d 655 (6th Cir. 2008) ......................................... 16

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993) ...................................... 24

*Hill v. Forum Health*, 167 Fed. App'x 448 (6th Cir. 2006) ................................ 17

*Howard v. Contech Constr. Prods., Inc.*, No. CA2003-01-018, 2003 WL
 22887954 (Ohio App. 12th Dist. Dec. 8, 2003) ..................................... 18

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ................................ 12

*McNeal-Page v. Degussa Admixtures, Inc.*, No. 1:05CV894, 2007 WL
 1514423 (N.D. Ohio May 22, 2007) ......................................... 18, 21

*Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724 (6th Cir. 2006) ............... 22

*Reynolds v. Georgia-Pacific Corp.*, No. C-1-03-459, 2006 WL 212069 (S.D.
 Ohio Jan. 25, 2006) ..................................................................... 18

*Woythal v. Tex-Tenn Corp.*, 112 F.3d 243 (6th Cir. 1997) .............................. 21

*Zanders v. Nat'l R.R. Passenger Corp.*, 898 F.2d 1127 (6th Cir. 1990) ................ 13

*Zechar v. Ohio Dep't of Educ.*, 121 Ohio Misc.2d 52 (Ohio Ct. Cl. 2002)............ 15

**Statutes**

42 U.S.C. § 1981 ................................................................ 1, 3, 17, 18, 21

Ohio Revised Code § 4112 ................................................ 1, 3, 17, 18, 21

**Rules**

Fed. R. Civ. P. 56(c)................................................................ 12

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.    Whether summary judgment was granted properly to Defendant UHHS Richmond Heights Hospital, Inc. regarding Plaintiff's claim of violation of the Family Medical Leave Act when Plaintiff cannot establish a *prima facie* case of a violation under the Family Medical Leave Act and cannot show that the reason for her termination was pretext.

2.    Whether summary judgment was granted properly to Defendant UHHS Richmond Heights Hospital, Inc. regarding Plaintiff's claims for racial discrimination under Ohio Revised Code § 4112 and 42 U.S.C. § 1981 when Plaintiff cannot establish a *prima facie* case of racial discrimination and cannot show that the reason for her termination was pretext.

3.    Whether summary judgment was granted properly to Defendant UHHS Richmond Heights Hospital, Inc. regarding Plaintiff's claim of retaliation under Ohio Revised Code § 4112 when Plaintiff cannot establish a *prima facie* case of retaliation and cannot show that the reason for her termination was pretext.

4.    Whether summary judgment was granted properly to Defendant UHHS Richmond Heights Hospital, Inc. regarding Plaintiff's claim of hostile work environment under Ohio Revised Code § 4112 and 42 U.S.C. § 1981 when Plaintiff cannot establish a *prima facie* case of hostile work environment.

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Defendant-Appellee UHHS Richmond Heights Hospital, Inc. respectfully requests oral argument and believes that oral argument will be beneficial in allowing the parties to address the record and answer any questions the Court may have regarding the basis of the district court's decision and the legal issues presented for appeal.

## STATEMENT OF THE CASE

Plaintiff-Appellant Aleather Thompson filed a Complaint against Defendant-Appellee UHHS Richmond Heights Hospital, Inc. ("Richmond") on March 16, 2007.   On August 30, 2007, Plaintiff amended her Complaint to include Defendants-Appellees Sodexho Management, Inc. ("Sodexo") and Steve Savanick. Plaintiff's Amended Complaint brought four claims for relief against Richmond, Sodexo, and Mr. Savanick: (1) violation of the Family Medical Leave Act; (2) racial discrimination in violation of Ohio Revised Code § 4112; (3) retaliation in violation of Ohio Revised Code § 4112; and (4) racial discrimination in violation of 42 U.S.C. § 1981.

Plaintiff, a former employee of University Hospitals Health System, Inc. ("UHHS"), was a Supervisor in the Department of Nutritional Services for Richmond.  However, third-party food service companies manage the department for Richmond.  In June 2005, UHHS contracted with Sodexho to manage the food services at Richmond and other UHHS community hospitals.   As part of its contract with UHHS, Sodexho was asked to improve the quality and efficiency of the department.  One of the quality improvements promised by Sodexho was at-your-request food service for UHHS patients.

The Sodexho management team at Richmond conducted a thorough analysis of Richmond's Department of Nutritional Services and made recommendations to

3

Richmond. One of the Sodexho recommendations accepted by Richmond was the restructuring of the department in order to provide at-your-request food service. Richmond accepted the Sodexho recommendations, and the restructuring resulted in the elimination of Plaintiff's position. This same department restructuring was implemented at another UHHS community hospital by Sodexho prior to the implementation at Richmond.

Plaintiff's first claim is retaliation under the Family Medical Leave Act ("FMLA"). However, all of Plaintiff's FMLA leaves were approved and she admitted that she has no evidence that her FMLA leaves impacted the elimination of her position. Further, the finalization of Sodexo's recommendation to eliminate Plaintiff's position occurred prior to Plaintiff's FMLA leave. Moreover, Plaintiff has not offered any evidence that Richmond's reason for Plaintiff's termination – the restructuring of the Nutritional Services Department – was merely pretext. Plaintiff attempts to distract from this lack of evidence by citing to the joint employer standard, but the joint employer standard is inapplicable in this case under both the "integrated employer test" and the "joint employment test." Therefore, Plaintiff's FMLA claims fail as a matter of law.

Similarly, Plaintiff's race discrimination and retaliation claims are flawed and fail as a matter of law. Sodexho entered Richmond in June 2005 and made its recommendations shortly thereafter. These recommendations were based on

4

quality and efficiency. Plaintiff's position was eliminated to accommodate the new at-your-request meal service, and Plaintiff was not trained to prepare meals according to the new program. While Plaintiff generally alleges that she "complained" about prejudicial conduct at Richmond, all of the alleged complaints related to this action were against Mr. Savanick and Ms. Henefeld, Sodexo employees, or prior food service contractors that were not UHHS employees. Regardless of whether or not Mr. Savanick engaged in the alleged prejudicial behavior, Mr. Savanick was not, and is not, a Richmond or UHHS employee and his conduct cannot be attributed to Richmond. Additionally, Plaintiff has not alleged that Richmond or UHHS employees fostered a hostile work environment, allowed a hostile work environment to persist, or otherwise engaged in behavior leading to a hostile work environment.

Moreover, Plaintiff has offered no evidence to rebut Richmond's assertion that Plaintiff's termination was a result of Richmond's acceptance of Sodexo's Costing Analysis. Accordingly, because Plaintiff has no evidence that her race, prior complaints made to organizations other than Sodexho, or approved FMLA claims had any bearing on the restructuring of the Richmond's Department of Nutritional Services, summary judgment was properly granted in Richmond's favor on all of Plaintiff's claims.

## STATEMENT OF THE FACTS

### I.    General Background

Richmond is one of the community hospitals associated with UHHS.  (R:45 Dep. of Martha Newman ("Newman Dep.") 13-14.)  At the time of her discharge, Plaintiff was a Supervisor in the Department of Nutritional Services for Richmond.  (R:45 Dep. of Aleather Thompson ("Thompson Dep.") 100.)   Richmond's Department of Nutritional Services, in simple terms, is the cafeteria for the hospital.  (R:45 Newman Dep. 37-38.)  The department provides food service to visitors, employees, and patients.  (R:45 Thompson Dep. 110-112.)

At all times relevant to the Complaint, Richmond employed third-party food service contractors in its Nutritional Services Department.  (R:45 Thompson Dep. 96-97.)  The third-party food service contractors managed the food service.  (*Id.*)  In June 2005, UHHS ended its third-party food service contract with Aramark and began a new food service contract with Sodexho.  (*Id.* at 97-98.)  The change to Sodexho as service contractor involved other UHHS facilities in addition to Richmond.  (R:45 Dep. of Mary Henefeld ("Henefeld Dep.") 64.)  One of the reasons that UHHS contracted with Sodexho was that Sodexho presented an at-your-request food service for UHHS patients.  (R:45 Dep. of Kristin Bennett ("Bennett Dep.") 113.)  This new service would provide flexibility to permit

patients to order a wide variety of nutritional foods rather than the traditional one-size-fits-all patient service. (R:45 Thompson Dep. 107-08.)

## II.    The Sodexho Contract

Sodexho is a third-party contractor that provides management for nutrition services. (R:45 Bennett Dep. 15; R:45 Thompson Dep. 97.) In an effort to gain the opportunity to provide management of nutrition services for UHHS, Sodexo prepared a Costing Analysis for UHHS in 2004. (R:45 Bennett Dep. 108-09.) The Costing Analysis recommended certain changes to Richmond's current nutritional services program. (*Id.* at 110-13.) Richmond accepted Sodexo's recommendations when Sodexo became the new contractor for Richmond's nutrition services. (*Id.* at 115.)

As suggested in the Costing Analysis, when Sodexho began its contract with Richmond, they made changes from the way the previous contractor, Aramark, ran the Richmond kitchen. (R:45 Thompson Dep. 100-01.) For example, some of the changes included eliminating a coffee kiosk, changes in the computer programs for ordering food, new menus, and flexibility in patient ordering. (*Id.* at 106-108.) One significant change was the addition of the at-your-request food service. (R:45 Bennett Dep. 113.) These changes were made as Sodexho evaluated the Nutritional Services Department in an ongoing process. (R:45 Thompson Dep. 164.) Sodexho's new plan for managing the Nutrition Services Department did not

include a supervisor position. (R:45 Newman Dep. 107; R:45 Thompson Dep. 87-88; R:45 Bennett Dep. 116-17.) Also as part of the Sodexho contract, Sodexho employees began to manage the Nutrition Services Department. (R:45 Bennett Dep. 24-25.) Two Sodexho employees became the managers of the Nutritional Services Department, Steven Savanick and Mary Henefeld. (*Id.*) As a result of Sodexho's management plan, Plaintiff's position as Supervisor in the Nutritional Services Department was eliminated. (*Id.* at 87-88, 107.)

## III.    Plaintiff's FMLA Leave

Prior to the elimination/termination of her position, Plaintiff asked for and was granted an FMLA leave of absence from October 22, 2005 to November 2, 2005. (R:16 Compl. ¶ 10; R:45 Thompson Dep. 95.) During her employment with Richmond, Plaintiff had taken FMLA leave on other occasions. (R:45 Thompson Dep. 176, 187.) Plaintiff admits that she does not have any evidence that the elimination of her position was related to her FMLA leave. (*Id.* at 178.) Under oath, Plaintiff admitted that no one told her that she took too much time off for FMLA or that she had any evidence her discharge was related to her FMLA leave other than the way she felt. (*Id.*)

## IV.    Plaintiff's Allegations Of Race Discrimination

UHHS and Richmond maintain written anti-harassment and non-discrimination policies. (R:45 Bennett Dep. 41; R:45 Newman Dep. 30; R:45

Thompson Dep. 187.)  As a contractor for Richmond, Sodexho was obligated to follow UHHS' and Richmond's anti-harassment and non-discrimination policies. (R:45 Bennett Dep. 41-42.)  Plaintiff was employed at Richmond for over twenty-three (23) years through different employers. (R:45 Thompson Dep. 182.)  During the course of her employment with Richmond, Richmond promoted Plaintiff from her starting position to her role as Supervisor.  (*Id.* at 179.)  At various times throughout her employment, Plaintiff would discuss various employment issues with Mr. Bennett in the Human Resources Department.  (R:45 Thompson Dep. 162-63.)  This procedure, lodging complaints and discussing issues with Human Resources, was encouraged by Richmond.  (*Id.* at 187.)  Richmond's policies also prohibited retaliation for bringing complaints to the Human Resources Department's attention. (*Id.*)

During the course of her employment, Plaintiff spoke to supervisors and the Human Resources Department about various employment issues.  (R:45 Bennett Dep. 53.)  In response to some concerns by employees in the Nutritional Services Department, Richmond conducted an investigation into general allegations of favoritism and possible racism.  (R:45 Newman Dep. 35-36, 83-85.)  The investigation included interviewing every member of the Nutritional Services Department.  (*Id.* at 35-36.)  The investigation did not reveal any race discrimination, only some negative perceptions about the possibility of racial

discrimination. (*Id.* at 49.) Sometime between June 2005 and October 2005, after the Human Resources investigation failed to reveal any evidence of racial discrimination, Plaintiff alleges that she complained to Mr. Bennett and Martha Newman, also in Human Resources, that Plaintiff felt Sodexho was discriminating against Plaintiff on the basis of her race. (R:45 Thompson Dep. 167, 173.) Neither Mr. Bennett nor Ms. Newman recall Plaintiff making any allegations of racial discrimination relating to Sodexo or Mr. Savanick during this time period, but recall other complaints Plaintiff made during her employment. (R:45 Bennett Dep. 82; R:45 Newman Dep. 92-93.) Plaintiff's allegations in her testimony state that her complaint generally related to scheduling and race discrimination of the staff members she supervised. (R:45 Thompson Dep. 167-173.) Plaintiff could not point to any specific instances of race discrimination, and instead made a general statement that some staff members felt cleaning assignments were being handled unfairly. (*Id.* at 172.) Plaintiff also never testified that she lodged complaints of racism by Sodexo or Mr. Savanick with Sodexo. Richmond has no record of Plaintiff making any allegations of racism relating to Sodexo or Mr. Savanick, and in fact, Ms. Newman thought that Plaintiff "got along with Steve [Savanick]." (R:45 Newman Dep. 92-93.)

## SUMMARY OF THE ARGUMENT

Plaintiff was not, and is not, able to show any genuine issues of material fact regarding her claims against Richmond. Simply stated, Plaintiff admitted that her leave under the FMLA did not affect her termination. Further, Plaintiff failed to present any evidence that Richmond discriminated against Plaintiff or subjected her to a hostile work environment. Plaintiff's allegations relate solely to Sodexo employees, whose conduct cannot be attributed to Richmond or UHHS. Additionally, Plaintiff has not offered any evidence, other than her own subjective believe, that any discriminatory conduct occurred or that she was subject to a hostile work environment, or that she was the subject of retaliatory action. Moreover, Plaintiff's position was eliminated as a result of a departmental restructuring in response to Sodexo's proposals to improve the Nutritional Services Department. Therefore, Richmond's Motion for Summary Judgment was properly granted and should be upheld.

## LAW AND ARGUMENT

### I.    Standard Of Review

A district court's grant of a motion for summary judgment is reviewed *de novo*. *Garcia v. Daimler Chrysler Corp.*, No. 08-3844, 2009 WL 928576 (6th Cir. Apr. 7, 2009).[1] Where, as is the case here, "the pleadings, depositions, answers to

---

[1] A copy of all unreported cases is attached as Exhibit A.

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact" the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). While all inferences must be drawn in favor of the nonmoving party, the Court "is under no obligation to imagine favorable facts where the nonmoving party has alleged none." *Avery v. Joint Twp. Dist. Mem'l Hosp.*, No. 07-3801, 2008 WL 2596211, at *3 (6th Cir. July 1, 2008). The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to defeat a motion for summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). As set forth below, the undisputed facts compel upholding the district court's grant of summary judgment in favor of Richmond.

## II. Plaintiff Has Not Established A *Prima Facie* Case Of FMLA Retaliation And Has Not Offered Any Evidence That Richmond's Legitimate Reason For Termination Was Merely Pretext.

### A. Plaintiff cannot show a causal connection sufficient to establish a *prima facie* case of FMLA retaliation.

Plaintiff's claim for interference with her FMLA leave is unfounded, even by Plaintiff's admission. When a plaintiff argues that an employer illegally retaliated because of an FMLA claim, the court applies the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden shifting analysis. *Campbell v.*

12

*Washington County Pub. Library*, 241 Fed. App'x 271 (6th Cir. 2007). The plaintiff must first establish a *prima facie* case of discrimination by showing that: (1) she availed herself of a protected FMLA right; (2) she suffered an adverse employment action; and (3) there was a causal connection between her exercise of rights and the adverse employment action. *Id.* at 275. If the employee can demonstrate a *prima facie* case, the burden shifts to the employer to offer a legitimate, nondiscriminatory rationale for the adverse action. *Id.* The employee then has an opportunity to show that the employer's articulated reason was merely pretext to mask discrimination. *Id.*

Here, Plaintiff cannot demonstrate a *prima facie* case of retaliation. Richmond does not dispute that Plaintiff took protected FMLA leave or that she suffered an adverse employment action, the elimination of her position as Supervisor. However, Plaintiff has not shown a causal connection between her exercise of FMLA leave and the elimination of her position. To establish a causal connection a plaintiff must present evidence "'sufficient to raise the inference that her protected activity was the likely reason for the adverse action.'" *Zanders v. Nat'l R.R. Passenger Corp.*, 898 F.2d 1127 (6th Cir. 1990) (quoting *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982)). In fact, Plaintiff took several FMLA leaves throughout the course of her employment with Richmond. (R:45 Thompson Dep. 176, 187.) None of Plaintiff's FMLA leaves caused Richmond to

retaliate against Plaintiff for taking FMLA leave. Plaintiff admitted in her deposition that she does not have any evidence that the elimination of her position was related to her FMLA leave. (*Id.* 178.) Under oath, Plaintiff admitted that no one told her that she took too much time off for FMLA or that she had any evidence her discharge was related to her FMLA leave other than the way she felt. (*Id.*)

Further, in mid-2004 when Sodexo prepared the Costing Analysis for UHHS, the Costing Analysis proposed the elimination of Plaintiff's position as Nutritional Services Department Supervisor. (R:45 Bennett Dep. 108-13; R:47 Sodexo Motion for Summary Judgment ("Sodexo MSJ") Ex. A ¶¶ 8-9, 13.) At the time Sodexo made the recommendations, and at the time that those recommendations were effectuated in August 2005, Richmond could not have anticipated that Plaintiff would take FMLA leave in late October 2005. Even if Plaintiff had not taken FMLA leave in October 2005, her position would have been eliminated pursuant to the Costing Analysis. Because Plaintiff cannot establish a causal connection between her FMLA leave and her termination, Plaintiff's claim for FMLA retaliation must fail.

**B.    Richmond's proffered reason for the elimination of Plaintiff's position – restructuring of the Nutritional Services Department – is a legitimate, non-discriminatory reason.**

Even if Plaintiff could show a *prima facie* case of FMLA discrimination, which she cannot, Richmond has offered a legitimate, non-discriminatory reason for the elimination of Plaintiff's position, specifically the restructuring of the Nutritional Services Department under a new third-party food services contractor. (R:45 Newman Dep. 107.)   A plaintiff's mere assertion that the employer's articulated reasons have no basis in fact is insufficient to establish FMLA retaliation.  *Campbell*, 241 Fed. App'x at 276; *see also Zechar v. Ohio Dep't of Educ.*, 121 Ohio Misc.2d 52 (Ohio Ct. Cl. 2002).  Evidence of a restructuring or reorganization can support an employer's articulated reason for termination of an employee.  *Campbell*, 241 Fed. App'x at 277.  In *Campbell*, the Sixth Circuit concluded that no reasonable juror could find that the employer engaged in an elaborate plot of reorganizing the employer's business simply to hide its decision to terminate the employee. *Id.*

Plaintiff has not offered any evidence that Richmond's reason for Plaintiff's termination was merely pretext.  (R:45 Thompson Dep. 178.)  Therefore, because Plaintiff has not established a *prima facie* case that Richmond retaliated against her for FMLA leave, and has not offered any evidence that Richmond's legitimate reason for her termination was pretext, Plaintiff's FMLA claim must fail.

## C.    UHHS and Sodexo were not joint employers.

Plaintiff tries to distract from her lack of evidence supporting her FMLA retaliation claim by stating, without support, that UHHS and Sodexo were joint employers. But, the joint employment doctrine is completely inapplicable in this case. The Department of Labor regulations interpreting the FMLA contemplate two possibilities for framing dual-employment relationships: (1) the "integrated employer test"; and (2) the "joint employment" test. *Grace v. USCAR*, 521 F.3d 655, 663 (6th Cir. 2008). The difference between the joint employer and the integrated employer test turns on whether the plaintiff seeks to impose liability on her legal employer or another entity. *Id.* at n.8. The joint employer test looks to whether there are sufficient indicia of an employer/employee relationship to justify imposing liability on the plaintiff's non-legal employer. *Id.* The integrated employer test applies where liability is sought to be imposed on the legal employer by arguing that another entity is sufficiently related that its actions or size can be attributable to the legal employer. *Id.*

In this case, it is undisputed that Richmond was Plaintiff's legal employer. The joint employer test is meant to determine whether liability can be imposed on a plaintiff's non-legal employer. Thus, the joint employment test is completely inapplicable to Richmond, Plaintiff's legal employer. Moreover, the integrated employer test also does not apply to Richmond. The Department of Labor

16

regulations provide four factors to determine if two entities are integrated employers: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control. *Id.* at 664. Richmond and Sodexo share none of these factors. Therefore, Richmond and Sodexo are neither joint employers nor integrated employers with respect to Plaintiff.

Because Plaintiff has admitted that she has no evidence that her termination was affected by her FMLA leave, because Plaintiff cannot show that the proffered reason for the elimination of her position is merely pretext, and because the joint employer doctrine is inapplicable in this case, Plaintiff's FMLA retaliation claim must fail, and the district court's grant of summary judgment in favor of Richmond should be upheld.

**III.  Plaintiff Has Not Established A *Prima Facie* Case Of Racial Discrimination And Has Not Offered Any Evidence That Richmond's Legitimate Reason For Termination Was Merely Pretext.**

**A.  Plaintiff cannot establish a *prima facie* case of racial discrimination.**

In her Complaint, Plaintiff alleged that Richmond discriminated against her on the basis of race in violation of Ohio Revised Code § 4112 and 42 U.S.C. § 1981. The substantive law governing the race discrimination claims under R.C. § 4112 and 42 U.S.C. § 1981 is the same. *Hill v. Forum Health*, 167 Fed. App'x 448, 451 (6th Cir. 2006). Race discrimination claims using circumstantial

evidence follow the same *McDonnell Douglas* burden shifting framework as an FMLA claim. *Bennett v. Roadway Express, Inc.*, No. 20317, 2001 WL 866261 (Ohio App. 9th Dist. Aug. 1, 2001). To establish a *prima facie* case of discrimination, the plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she was subject to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person who did not belong to the protected class. *Howard v. Contech Constr. Prods., Inc.*, No. CA2003-01-018, 2003 WL 22887954 (Ohio App. 12th Dist. Dec. 8, 2003). A *prima facie* case of discrimination in a reduction in force case requires additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons. *McNeal-Page v. Degussa Admixtures, Inc.*, No. 1:05CV894, 2007 WL 1514423 (N.D. Ohio May 22, 2007).[2]

Plaintiff has not established a *prima facie* case for race discrimination under either R.C. § 4112 or 42 U.S.C. § 1981. Richmond does not dispute that Plaintiff is a member of a protected class or that she was subject to an adverse employment action. However, Plaintiff has not shown that she was replaced by a person who was not a member of the protected class. Further, Plaintiff has not offered even a

---

[2] A reduction in force includes situations where business considerations cause an employer to eliminate one or more positions within the company, including during a reorganization or restructuring. *Reynolds v. Georgia-Pacific Corp.*, No. C-1-03-459, 2006 WL 212069 (S.D. Ohio Jan. 25, 2006).

scintilla of evidence suggesting that Richmond singled out Plaintiff for discharge for impermissible reasons during its reduction in force.

### 1.    Plaintiff was not replaced by Jack Hart.

Plaintiff asserts, incorrectly, that she was replaced by Jack Hart in his role as Chef 1 and that this fact is undisputed. (Plaintiff Appeal Brief 19.) Plaintiff's assertion that she was replaced by Mr. Hart is based only on her personal belief. As part of the at-your-request program that Sodexo implemented at Richmond, Sodexo needed someone to train the Nutritional Service Department cooks and to oversee production of the new method of patient meal service. (R:47 Sodexo MSJ 14.) Plaintiff does not dispute that she did not have experience with an at-your-request meal program.    (R:45 Thompson Dep. 218.)    Additionally, the recommendation that Richmond eliminate the Supervisor position then held by Plaintiff so that Sodexo would employ the managers for the Department, was made prior to Sodexo's start at Richmond and prior to any alleged discriminatory conduct by Sodexo or Steve Savanick.    Plaintiff's position was eliminated to accommodate Sodexo's Costing Analysis, which provided for at-your-request food service.  Plaintiff has not presented any evidence that she was "replaced" by Jack Hart.

### 2. Plaintiff does not allege any discriminatory conduct by Richmond.

Plaintiff's allegations of discriminatory conduct all relate to Mr. Savanick and Ms. Henefeld, Sodexo employees, or prior food service contractors such as Eric Kottheimer and Jim Johnston, Aramark employees. (Plaintiff Appeal Brief 20-21; R:55 Plaintiff Opposition 5-13, 16-17.) Plaintiff alleges that Mr. Savanick's treatment of Plaintiff reflected his racial prejudice, that he allocated jobs unequally, that he refused to allow Plaintiff to implement discipline to white employees, that he encouraged Plaintiff to discipline black employees, that he refused to allow Plaintiff to evaluate non-black employees, and that he permitted white employees to act disrespectfully towards Plaintiff. (Plaintiff Appeal Brief 20-21.) Regardless of whether Mr. Savanick engaged in the alleged prejudicial behavior, Mr. Savanick was not, and is not, a Richmond or UHHS employee. Mr. Savanick's conduct cannot be attributed to Richmond because Mr. Savanick was not Richmond's employee or agent (a fact Plaintiff does not dispute). Moreover, Plaintiff has not offered even a scintilla of evidence that Richmond impermissibly singled out Plaintiff for discharge in its reduction in force.

### B. Plaintiff cannot show that the reason proffered by Richmond for her discharge was merely pretext.

Even assuming Plaintiff was able to demonstrate a *prima facie* case of discrimination, Richmond has offered a legitimate, non-discriminatory reason for

Plaintiff's discharge, the reduction in force during Richmond's Nutritional Services Department reorganization. Plaintiff has offered no evidence to rebut Richmond's assertion that the reason for Plaintiff's termination was Richmond's acceptance of Sodexo's Costing Analysis. In fact, Plaintiff alleges that Ms. Henefeld and Mr. Savanick planned to terminate Plaintiff. (Plaintiff Appeal Brief 22; R:55 Plaintiff's Opposition 10.) Plaintiff fails to allege anywhere in her Complaint or in her Opposition or in her Appeal Brief that Richmond or its employees demonstrated any racial prejudice in accepting Sodexo's recommendation to eliminate Plaintiff's position. Plaintiff's belief that Mr. Savanick played a role in her termination is insufficient to show that Richmond's reason is merely pretext. "Mere personal belief, conjecture and speculation are insufficient to support an inference of . . . discrimination." *McNeal-Page*, 2007 WL 1514423, at *2 (N.D. Ohio May 22, 2007) (*quoting Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997)).

Therefore, because Plaintiff has not established a *prima facie* case of racial discrimination against Richmond, and because she has not offered any evidence that Richmond's legitimate reason for her termination was merely pretext, Richmond is entitled to summary judgment on Plaintiff's racial discrimination claims under R.C. § 4112 and 42 U.S.C. § 1981.

## IV.    Plaintiff Has Presented No Evidence Of Retaliation.

To establish a *prima facie* case of retaliation, Plaintiff must show that: (1) she engaged in activity protected under R.C. § 4112 or 42 U.S.C. § 1981; (2) Richmond knew that she engaged in the protected activity; (3) Richmond subsequently took an adverse, retaliatory action against Plaintiff; and (4) the protected activity and the adverse action were causally connected. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 736 (6th Cir. 2006).

Plaintiff claims that she engaged in protected activity by complaining to Richmond about "the race discrimination to which she and other employees in her department were subjected." (R:16 Compl. ¶ 37.)  Despite this claim, under oath, Plaintiff could not provide any specifics regarding her alleged complaint to Richmond.  (R:45 Thompson Dep. 167-69.)  The undisputed evidence shows that Richmond had no knowledge of a complaint by Plaintiff regarding Mr. Savanick. (R:45 Bennett Dep. 81-82; R:45 Newman Dep. 50, 92-93.)  In fact, Ms. Newman thought Plaintiff "got along with Steve."  (R:45 Newman Dep. 92-93.)  Plaintiff has not established that she engaged in protected activity or that Richmond knew of such alleged protected activity.

Additionally, Plaintiff has offered no evidence that the alleged protected activity and the elimination of her position were causally connected.  Sodexo recommended the elimination of Plaintiff's position in 2004, prior to Plaintiff's

alleged complaint in 2005. (R:45 Bennett Dep. 108-09.) Plaintiff then attempts to rely on the "brief time span" between the beginning of Sodexo's management of the Nutritional Services Department and the elimination of Plaintiff's position. (Plaintiff Appeal Brief 25.) However, temporal proximity alone is insufficient to establish a causal connection. *See, e.g., DiCarlo v. Potter*, 358 F.3d 408, 421 (6th Cir. 2004) ("this Circuit has embraced the premise that in certain distinct cases where the temporal proximity between the protected activity and the adverse employment action is **acutely near in time**, that close proximity is deemed indirect evidence such as to permit an inference of retaliation to arise.") (emphasis added).

Because Plaintiff has not established that Richmond knew of her alleged protected activity, and because Plaintiff cannot show a causal connection between the elimination of her position and the alleged protected activity, Plaintiff's claim for retaliation must fail, and the district court's grant of summary judgment in favor of Richmond should be upheld.

## V.    Plaintiff Has Presented No Allegations Of Hostile Work Environment Related To Richmond.

Similar to Plaintiff's claims of race discrimination, Plaintiff presents no allegations of hostile work environment related to Richmond or its employees. To establish a *prima facie* case of hostile work environment, Plaintiff must show that: (1) she was a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her race; (4) the harassment created a

23

hostile work environment; and (5) the employer is liable.  *Randolph*, 453 F.3d at 733.  A hostile work environment occurs when the "'workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Plaintiff's allegations related to her claim of hostile work environment are largely the same allegations underlying her claims of race discrimination, and again all relate to Mr. Savanick and Ms. Henefeld, Sodexo employees.  Although Plaintiff alleges, without supporting evidence, that she complained to Richmond employees Kristin Bennett and Martha Newman about racial discrimination, Plaintiff never alleges that Mr. Bennett or Ms. Newman fostered a hostile work environment, allowed a hostile work environment to persist, or otherwise engaged in any behavior leading to a hostile work environment.  Further, when asked at deposition to provide examples of how Plaintiff was subjected to harassing conduct because of her race, Plaintiff provided only vague testimony that Mr. Savanick "picked on" her.  (R:47 Sodexo MSJ 9.)  Plaintiff has presented no evidence that any conduct by any Richmond employee created a workplace permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working

environment. Moreover, Plaintiff has presented no evidence that even the vague allegations related to Mr. Savanick's conduct were based on her race. Therefore, Plaintiff's claim for hostile work environment must fail, and the district court's grant of summary judgment in favor of Richmond should be upheld.

## CONCLUSION

Plaintiff has failed to offer any evidence that Richmond discriminated against Plaintiff, subjected Plaintiff to a hostile work environment, retaliated against Plaintiff for FMLA leave, or retaliated against Plaintiff for complaining about alleged racial discrimination. Plaintiff focuses all of her allegations on Sodexo and Mr. Savanick and largely fails to present evidence or even allegations related to conduct by Richmond. Further, Plaintiff has not, and cannot, show any evidence that Richmond's legitimate, non-discriminatory reason for Plaintiff's termination – a reduction in force due to the restructuring and reorganization of the Nutritional Services Department – was merely pretext for discrimination or retaliation. Therefore, Plaintiff's claims must fail as a matter of law, and the district court's grant of summary judgment to Richmond on all of Plaintiff's claims should be upheld.

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP


/s/ David A. Campbell
David A. Campbell (0066494)
Heather M. Lutz (0082237)
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio  44114-1724
Phone:     (216) 479-6100
Facsimile: (216) 937-3737
E-mail:     dacampbell@vorys.com
                  hmlutz@vorys.com

*Attorneys for Defendant-Appellee*
*UHHS Richmond Heights Hospital, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed electronically this 7th day of May, 2009. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David A. Campbell
*Attorney for Defendant-Appellee*
*UHHS Richmond Heights Hospital, Inc.*

05/07/2009 Cleveland 1212956